**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

CHRISTIN SARA TRAVIS,

Plaintiff,

v.

ERIC CHRISTOPHER JACOBS, et al.,

Defendant.
______________________________/

Case No. 25-cv-13211

Hon. Michael C. Martin
United States District Judge

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN PART AND DISMISSING PLAINTIFF'S CLAIMS**

Plaintiff, Christin Sara Travis, filed a pro se complaint alleging various federal statutory and constitutional violations (ECF No. 1.) The case was referred to Magistrate Judge Patricia T. Morris, who granted permission for Travis to proceed *in forma pauperis* (ECF No. 8) and performed an initial screening of Travis's claims pursuant to 28 U.S.C. § 1915(e)(2). After screening the case, Magistrate Judge Morris recommended that Travis's complaint be dismissed because this Court lacked jurisdiction over Travis's claims. (ECF No. 9.) Travis filed objections to the report and recommendation and a request to file a first amended complaint. (ECF No. 10.) For the following reasons, the Court will adopt

Magistrate Judge Morris's report and recommendation in part, deny Travis's motion to amend, and dismiss this case.

When a party files timely objections to a report and recommendation, as Travis has done here, the Court must "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified. 28 U.S.C. § 636(b)(1).

Magistrate Judge Morris recommended that this Court dismiss Travis's claims pursuant to 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) states that a district court "shall dismiss" an *in forma pauperis* complaint "at any time" if the court determines that the cause of action "is frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." Magistrate Judge Morris first held that Travis had "failed utterly to state a claim under any legal theory" because her complaint did not "link her listed causes of action to her factual allegations." (ECF No. 9, PgID.39.) Travis's complaint does indeed fail to connect her factual allegations to specific causes of action, as Magistrate Judge Morris described. But the Court is mindful that it "must construe the complaint in the light most

favorable to the plaintiff," *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012), and that *pro se* complaints, like Travis's, are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Travis's complaint specifically alleges violations of 42 U.S.C. § 1983, 1985, 1988, and violations of the First, Sixth and Fourteenth Amendments to the United States Constitution. (ECF No. 1, PgID.4.) The complaint then proceeds to offer a factual narrative that describes various disputes and encounters Travis had with several private individuals. These private individuals allegedly harassed Travis, assaulted her, and instigated altercations with Travis that were then subsequently used to her detriment in child custody proceedings. (*Id.* at PgID.13-18.) The complaint also makes allegations against three government officials: a Roscommon County Assistant Prosecuting Attorney (Kathryn Simmons), the Roscommon County Prosecuting Attorney (Michael T. Edwards), and a state court judge (Mark D. Jernigan). (*Id.* at PgID.11-12.) The claim against Assistant Prosecuting Attorney Simmons was based exclusively on the allegation that Simmons "refused to prosecute" one of the individuals that allegedly assaulted Travis. (*Id.* at PgID.15.) The claims against Prosecuting Attorney Edwards and Judge Jernigan are based on allegations that the prosecutor and judge "coerced" Travis into pleading guilty to violating a personal protective order. (*Id.* at PgID.16.) The complaint seeks $5 million in compensatory damages, at least $10 million in punitive damages, and

injunctive relief in the form of "expungement" of Travis's criminal conviction, a prohibition on "continued retaliation," and a prohibition on the defendants "using fabricated or retaliatory records in custody or related proceedings." (*Id.* at PgID.6.)

Magistrate Judge Morris's recommendation concluded that this Court should dismiss Travis's case because the Court lacked jurisdiction over her claims. This lack of jurisdiction was rooted in Magistrate Judge Morris's finding that Travis's claims represented "an impermissible collateral attack" on either a state court child custody judgment or a state court criminal conviction. (ECF No. 9, PgID.41-44.)

The Court agrees with Magistrate Judge Morris that Travis's §§ 1983 and 1985 claims should be dismissed, but for somewhat different reasons. First, the two prosecutors and judge are entitled to absolute immunity from suit for money damages. A prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and ... presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). This includes "acts taken to prepare for the initiation of judicial proceedings or to prepare for trial." *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000). While a prosecutor's absolute immunity can change to qualified immunity, it does so only when the prosecutor's duties change and he "performs the investigative functions normally performed by a detective or police officer." *Id.* Here, Travis's complaint faults Assistant Prosecuting Attorney Simmons for not charging one of her alleged

assailants with a crime and faults Prosecuting Attorney Edwards for errors during her guilty plea – both of which are prosecutorial functions intimately associated with the judicial phase of the criminal process. Travis does not allege that Simmons or Edwards changed their duties from that of a prosecutor to that of a detective. As a result, both prosecutors are immune from suit for money damages. The same holds true for judges. Travis's claims against Judge Jernigan are based entirely on his taking of Travis's guilty plea for which he is immune from suit for money damages. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) ("It is well established that judges are entitled to absolute immunity from suits for money damages for all actions taken in the judge's judicial capacity").

As to Travis's claims for injunctive relief, the Court agrees with Magistrate Judge Morris's recommendation that Travis's request for the "expungement" of her criminal conviction is barred by the *Rooker-Feldman* doctrine, which "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commended.'" *Doe v. Nessel*, No. 23-2097, 2025 WL 1707689, at *2 (6th Cir. Feb. 4, 2025) (quoting *Lance v. Dennis*, 546 U.S. 459, 460 (2006)); (ECF No. 9, PgID.42.) The other injunctive relief that Travis seeks – namely a prohibition on continued retaliation and the use of fabricated records in custody proceedings – appears to relate to the defendants who are private individuals, and

not the two prosecutors and judge who, in any event, were not involved in the custody proceedings.

In short, Travis's § 1983 claim for monetary damages and injunctive relief against the two prosecutors and judge should be dismissed under § 1915(e)(2). Without the prosecutors and judge, the only remaining defendants are private individuals. Private individuals can be the subject of suit under § 1983, but only if they "acted under color of state law." *Carl v. Muskegon County*, 763 F.3d 592, 595 (6th Cir. 2014). Here, Travis's complaint does not allege that any of the private individual defendants exercised power "by virtue of the state law" or were "clothed with the authority of state law." *Id.* Therefore, her § 1983 claims against the private individuals must be dismissed as well.

That leaves only Travis's claims under § 1985. But these too should be dismissed because Travis's complaint fails to allege that any of the defendants were motivated by racial or other class-based discriminatory animus – which is a necessary requirement for a § 1985 claim. *Moniz v. Cox*, 512 F. App'x 495, 500 (6th Cir. 2013).

Finally, Travis's objections to Magistrate Judge Morris's recommendation includes a motion to amend her complaint. (ECF No. 10, PgID.48.) Travis proposes to amend her complaint in a way that: separates defendants by county and role, clearly states the constitutional rights that were allegedly violated, clarifies

that Travis does not seek to modify state court custody orders, and reorganizes her factual allegations in a chronological manner. (*Id.* at PgID.48-49.) Local Rule 7.1(i) does not permit litigants to combine one type of pleading (such as objections to a report and recommendation) with another (such as a motion to amend a complaint). But even if it did, Travis's amended complaint would still be subject to the screening requirements of § 1915(e)(2) and none of her proposed changes would rectify the fundamental factual and legal deficiencies discussed above. Even if the complaint was amended along the lines Travis proposes, the prosecutors and judge would still be entitled to absolute immunity, the *Rooker-Feldman* doctrine would still preclude expungement of her state conviction, the private individuals she sued would still not qualify as state actors, and the complaint would still not allege racial or other class-based discriminatory animus. Amending the complaint would therefore be futile and dismissal pursuant to the screening requirements of § 1915(e)(2) would still be required.

For the foregoing reasons, this case is **DISMISSED** under 28 U.S.C. § 1915(e)(2).

**SO ORDERED.**

s/Michael C. Martin
MICHAEL C. MARTIN
United States District Judge

Date: November 10, 2026